DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence issued by the Fulton County Court of Common Pleas for two counts of unlawful sexual conduct with a minor. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On June 17, 2003, a caseworker from Job and Family Services contacted the Fulton County Sheriff's Office about a 15 year old boy who alleged that he had been sexually molested by appellant, Kenneth A. Weber.
 {¶ 3} On June 24, 2003, a sheriff's deputy interviewed appellant. Appellant initially told the deputy that the boy was his former neighbor and he did not recall the incident. After a lengthy interview, appellant admitted the allegation.
 {¶ 4} On July 16, 2003, appellant was indicted by the Fulton County Grand Jury on three counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), felonies of the third degree.
 {¶ 5} Appellant pled not guilty, but later withdrew the plea and pled guilty to two counts of unlawful sexual conduct with a minor. The court accepted the plea and ordered a pre-sentence investigation.
 {¶ 6} The court sentenced appellant to three years incarceration for each count to be served consecutively. Appellant now appeals, setting forth the following assignments of error:
 {¶ 7} "I. The trial court erred in imposing consecutive sentences on the Defendant, against the manifest weight of the evidence and contrary to law.
 {¶ 8} "II. The trial court failed to make a finding that Defendant's sentence is consistent with similarly situated offenders."
 I. {¶ 9} In his first assignment of error, appellant contends that the trial court's decision to impose consecutive sentences was erroneous. Specifically, appellant asserts that the trial court did not make required consecutive sentence findings and give reasons supporting those findings at the sentencing hearing.
 {¶ 10} When imposing consecutive sentences, a trial court is required to make findings and give reasons supporting the findings at the sentencing hearing. State v. Comer (2003),99 Ohio St.3d 463, 468.
 {¶ 11} Pursuant to R.C. 2929.14(E)(4), a court may impose consecutive imprisonment terms if it makes three findings. First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the imposition of consecutive imprisonment terms must be proportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the court must find one additional factor under R.C. 2929.14(E)(4)(a)-(c): 1) whether the offender committed one or more of the multiple offenses while awaiting trial or sentencing, R.C.2929.14(E)(4)(a); 2) whether at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct, R.C. 2929.14(E)(4)(b); and 3) whether the offender's criminal history shows a need for consecutive sentences in order to protect the public, R.C. 2929.14(E)(4)(c).
 {¶ 12} In this case, the court found consecutive sentences were appropriate in order to protect the public from future harm. Also, the court found consecutive imprisonment terms were proportionate to the seriousness of appellant's conduct. Finally, the court found the multiple offenses were so great or unusual that no single prison term reflected the seriousness of appellant's conduct. These findings are supported by the record. The court stated its reasons at the sentencing hearing regarding appellant's lack of responsibility, the age of the child, the harm caused by appellant, and appellant's relationship to the child.
 {¶ 13} In sentencing appellant to consecutive sentences, the judge stated, "I have read [the pre-sentence] report with some care and I have read your statement as well. And you seem to indicate that this is something that just kind of happened, but I believe that there is frankly a lot more that happened here. And you were the adult, and you should not have allowed yourself to get in this situation where you couldn't control yourself, and that certainly happened here; and some people got hurt."
 {¶ 14} Moreover, the judge said, "the Court's findings are premised upon the injury being exacerbated due to the condition and age of the minor child or victim — who is the victim in this case. That victim did suffer serious physical, psychological, or economic harm. The child having — is currently being involved in counseling. Further there being a relationship with the victim that did facilitate the offense." Accordingly, appellant's first assignment of error is found not well-taken.
 II. {¶ 15} Appellant next contends that the trial court failed to make a finding that his sentence was consistent with similarly situated offenders.
 {¶ 16} Pursuant to R.C. 2929.11(A), a sentence imposed for a felony shall be reasonably calculated to protect the public and punish the offender. Moreover, the sentence should be commensurate with and not demean the seriousness of the offender's conduct and its impact upon the victim. Additionally, it should be consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 2929.11(B). There is, however, no statutory requirement that the sentencing court make express findings relative to R.C. 2929.11(B). State v.Richards, 8th Dist. No. 83696, 2004-Ohio-4633, at ¶ 10; Statev. Reeder, 3d Dist. No. 4-02-32, 2003-Ohio-1371, at ¶ 15. However, the trial court's stated reasons for imposing the sentence adequately address the concerns in appellant's second assignment of error. Accordingly, appellant's second assignment of error is also found not well-taken.
On consideration, the judgment of the Fulton County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Lanzinger, J., Singer, J., concur.